UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES RILEY MIX,

                    Plaintiff,

v.                                                    CASE NO. 92-CV-72860
                                                      HONORABLE GEORGE CARAM STEEH
CITY OF HAZEL PARK, *et al*.,

                    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUESTS
## FOR A HEARING AND OTHER RELIEF

Plaintiff James Riley Mix has petitioned the Court for a hearing, production of

documents, and other relief.  His requests stem from his arrest on June 25, 2006, in the City of

Hazel Park, Michigan.  He alleges that his rights were not read to him at the time and that his

attorneys tried to defend him without first communicating with him.  He seeks a hearing, this

Court's intervention in the criminal matter, and restoration of his liberty.  He also seeks files,

transcripts, and other items related to his arrest on June 25, 2006.

This civil rights case was opened on June 4, 1992, and it was closed by this Court's

predecessor on October 14, 1993.  A judgment was entered in favor of the defendants and

against Plaintiff.  The United States Court of Appeals for the Sixth Circuit subsequently affirmed

the District Court's judgment and denied all requests for relief.  *See Mix v. Hazel Park, et al.*,

No. 93-1639 (6th Cir. Nov. 18, 1993).  The events about which Plaintiff now complains occurred

over twelve years later.

> [P]rinciples of equity, comity and federalism in certain circumstances counsel
> abstention in deference to ongoing state proceedings.  *Younger v. Harris*, 401

U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971).  In *Younger*, the Court held that a
federal court should not interfere with a pending state criminal proceeding except
in the rare situation where an injunction is necessary to prevent great and
immediate irreparable injury.

*Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996).

Plaintiff has not demonstrated that an injunction is appropriate and necessary to prevent

great and immediate irreparable injury.  Furthermore, a civil rights action is not the proper

remedy for making a constitutional challenge to the fact or length of confinement.  *Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 (1973).  Plaintiff has no right to relief unless and until the decision

to hold him in custody has been invalidated by state officials or impugned by the grant of a writ

of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  *Heck* and other Supreme

Courts cases, when "taken together, indicate that a state prisoner's 1983 action is barred (absent

prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target

of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if*

success in that action would necessarily demonstrate the invalidity of confinement or its

duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The Court concludes that Plaintiff has no right to the relief requested.  His motion,

request, and petition [Doc. Nos. 113-115] are DENIED.


Dated:  June 11, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

2

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk